

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

          -against-

BORIS KERZHNER,

          Defendant.
------------------------------------------------------------X

00 CR 1197 (SJ)

**MEMORANDUM
AND ORDER
(AMENDED)**

APPEARANCES:

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201
By:   Mary M. Dickman, Esq.
Attorney for the United States

James Druker
Kase & Druker
1325 Franklin Avenue, Suite 225
Garden City, NY 11530
Attorney for Defendant

JOHNSON, Senior District Judge:

      Defendant Boris Kerzhner ("Defendant") requests that the Court enter an order modifying the restitution judgment imposed against him in this action. For the reasons set forth below, Defendant's request is DENIED.

## BACKGROUND

      On September 28, 2001, Defendant pleaded guilty to one count of participating in a

1

racketeering enterprise in violation of 18 U.S.C. § 1962(c). The count charged that, from at least 1996 through 2000, he and others devised a scheme to defraud New York State of taxes owed on gasoline, and he laundered money generated from the scheme through his operation of a company that submitted fraudulent reimbursement claims to insurance companies. On January 31, 2003, the Court sentenced Defendant to 46 months incarceration, three years supervised release, and $800,000 restitution, with payments to commence upon Defendant's release from prison in monthly payments equal to 10% of his monthly gross salary. Five co-defendants also were ordered to pay restitution.

Defendant submitted a letter to the Court dated May 19, 2006, stating that he is financially incapable of making substantial payments toward the $800,000 restitution judgment. However, Defendant explains that the State of New York Department of Taxation and Finance (the "State") has a procedure known as the "Offer in Compromise" whereby taxpayers who are in debt to the State may satisfy their debt by paying as much as they can afford, following an investigation of the taxpayer's finances. Defendant claims he can borrow $50,000 to make a lump-sum payment to the State in this regard.

Defendant also claims, however, that the State will not allow him to make an "Offer in Compromise" unless the Court modifies the restitution judgment imposed against him. Therefore, Defendant now requests such an order of modification. The government opposes Defendant's request on the grounds that the Court does not have jurisdiction to modify the restitution judgment, and even if the court had jurisdiction it would be inappropriate to do so in this case.

P-049

## DISCUSSION

### 1. *The Mandatory Victims Restitution Act*

Under 18 U.S.C. § 3663A(a)(1) of the Mandatory Victims Restitution Act ("MVRA"), "[n]otwithstanding any other provision of law" a district court is required to order that the defendant make restitution to the victim when sentencing a defendant convicted of an offense described in 18 U.S.C. § 3663A(c). See also United States v. Johnson, 378 F.3d 230, 244 (2d Cir. 2004) (holding that where an offense is covered by the MVRA, the district court must order restitution). Under 18 U.S.C. § 3663A(c), any offense committed by fraud or deceit constitutes a qualifying offense. In this case, because Defendant pleaded guilty to an offense committed by fraud, the MVRA required the Court to impose a sentence of restitution on Defendant.

### 2. *District court's legal authority to modify a restitution sentence*

Once a district court has sentenced a defendant, it may not re-sentence a defendant unless so ordered by the Court of Appeals or United States Supreme Court, see 28 U.S.C. § 2106, or pursuant to the narrow conditions established by Federal Rules of Criminal Procedure 35 or 36. See United States v. Spallone, 399 F.3d 415, 421 (2d Cir. 2005). Rule 35(a) provides that within 7 days of sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. Rule 36 allows the court to correct clerical errors in sentencing at any time. However, because no higher court has ordered Defendant re-sentenced, and no error has been alleged with regard to Defendant's restitution sentence, none of these provisions provide the Court with authority to modify

3

Defendant's sentence at this time.

Defendant argues that <u>Spallone</u> provides the Court with authority to modify its prior sentencing order. In <u>Spallone</u>, after the defendant was sentenced to prison, supervised release, and a special condition of restitution, the district court ordered his "sentence" to be reduced to "time served" pursuant to a Rule 35(b) motion filed by the government (the "Rule 35(b) Order"). Upon release from prison, the defendant failed to report for supervised release. In an order dated December 4, 2003 (the "December 4 Order"), the court ordered the defendant to continue to serve the terms of supervised release and restitution ordered in his original judgment of conviction. The defendant appealed the December 4 Order, arguing that (1) the court's Rule 35(b) Order reduced his *entire* original sentence, including the terms of supervised release and restitution, to time served, and (2) the December 4 Order impermissibly attempted to modify the Rule 35(b) Order. <u>See</u> <u>Spallone</u>, 399 F.3d at 419-21.

The Second Circuit held that the December 4 Order did not impermissibly modify the Rule 35(b) Order. <u>See id.</u> at 427. Instead, the district court had properly exercised its inherent authority to clarify an ambiguity regarding the meaning of the term "sentence" in the Rule 35(b) Order, such that the Rule 35(b) Order reduced only defendant's sentence of incarceration to time served, but did not alter the terms of supervised release and restitution. <u>See id.</u> The Second Circuit also observed that if the district court's Rule 35(b) Order had been unambiguous, an attempt to subsequently modify that order would not have been permitted under the Federal Rules of Criminal Procedure. <u>See id.</u>

In sum, <u>Spallone</u> held that while a court may clarify an ambiguity in a prior order, it

4

cannot modify an unambiguous order unless the narrow exceptions set forth in 28 U.S.C. § 2106, or Rules 35 or 36 of the Federal Rules of Criminal Procedure, apply. Because in this case the Court's prior order is unambiguous, and the narrow exceptions do not apply, Spallone does not provide the Court with the authority to grant Defendant's request.

### 3. *Modification to terms of restitution or supervised release*

Upon notification of a change in the financial circumstances of a defendant, a district court may adjust the restitution payment schedule or require immediate payment in full. See 18 U.S.C. §§ 3572(d)(3), 3664(k). Here, Defendant has notified the Court that he cannot make substantial payments toward his restitution judgment. As a preliminary matter, based on the record it is not clear that there has been an actual change in Defendant's financial circumstances. More importantly, even if Defendant's current financial situation constitutes a change that triggers the provisions of 18 U.S.C. §§ 3572(d)(3) and 3664(k), the most the Court could do under these statutes is adjust the payment schedule. Neither statute authorizes the Court to grant the relief Defendant requests, which is a modification of the total amount of the restitution judgment.

The Court also cannot modify Defendant's mandatory restitution judgment pursuant to 18 U.S.C. § 3583(e), which authorizes the Court to "modify, reduce, or enlarge the conditions of supervised release" under certain circumstances. The MVRA states:

> *Notwithstanding any other provision of law*, when sentencing a defendant convicted of an offense described in subsection (c), *the court shall order, in addition to . . . any other penalty authorized by law*, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate.

5

18 U.S.C.A. § 3663A(a)(1). (Emphasis added.) The MVRA clearly creates an independent statutory punishment of restitution, *in addition to* other criminal penalties such as supervised release. See United States v. Hamburger, 414 F.Supp.3d 219, 224-25 (E.D.N.Y. 2006) (denying defendant's request to reduce his sentence of mandatory restitution through a motion to modify terms of probation, on the ground that the "restitution order is not a condition of [defendant's] probation, but an independent component of his criminal sentence"). Characterizing mandatory restitution as merely a condition of supervised release would directly conflict with the language and purpose of the MVRA. Therefore, Defendant's mandatory restitution judgment cannot be modified pursuant to 18 U.S.C. § 3583(e).

### 4. *Mandatory nature of restitution under the MVRA*

The State's alleged willingness to consider foregoing its restitution payments in exchange for an Offer in Compromise has no effect on Defendant's restitution obligations. In Johnson, the Second Circuit held:

> [A] district court may-indeed, must-impose orders of restitution on defendants convicted of crimes identified in the MVRA *even if their victims decline restitution.* To hold otherwise would be inconsistent with the MVRA's statutory scheme of mandatory restitution, and it would undermine the power of the criminal justice system to punish defendants, where appropriate, through orders of restitution.

Johnson, 378 F.3d at 244. (Emphasis added.) Johnson also held that ordering restitution "regardless of the consent of victims" is consistent with the purposes of restitution, which include not only victim compensation but also punishment of offenders. Id. at 245. Therefore, even if the State declines future restitution payments, the Defendant must

6

continue to pay restitution. Under such circumstances, the Court could direct restitution payments to be made to the Crime Victims Fund, or to another victim in the case. See id.; see also Hamburger, 414 F.Supp.2d at 226.

## CONCLUSION

For the above-mentioned reasons, Defendant's request that the Court enter an order modifying the restitution judgment imposed against him is DENIED.

SO ORDERED.

Dated: December 28, 2006  
Brooklyn, New York

s/SJ  
_____  
Senior U.S.D.J.